**FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                      :      Chapter 13

In re:                                       :

                                                      :      Case No. 15-35045   (CGM)

       Rebecca Talutto McCann,             :

                                                      :

                                     Debtor.    :

                                                      :
-------------------------------------------------------------X

**MEMORANDUM DECISION FINDING INEFFECTIVE SURRENDER, VIOLATION
OF THE AUTOMATIC STAY AND GRANTING RELIEF FROM STAY**

**A P P E A R A N C E S :**

Hinman, Howard, & Kattell, LLP
80 Exchange Street
P.O. Box 5250
Binghamton, NY 13902-5250
Attorneys for Community Bank
       By:    Ronald L. Greene

Bankruptcy Law Center
Bodow Law Firm, PLLC
313 East Willow Street #105
Syracuse, New York 13203
*Attorneys for EZCR Financial Incorporated*
       By:    Theodore Lyons Araujo, Esq.


Law Office of Carol Richman, PLLC
158 Vineyard Avenue
Highland, NY 12528
*Attorneys for Debtor*
       By:    Carol P. Richman, Esq.

**CECELIA G. MORRIS
CHIEF UNITED STATES BANKRUPTCY JUDGE**

Debtor attempted to surrender her vehicle to the lienholder, Community Bank, by transferring possession of her vehicle to a third party, EZCR Financial Inc. Once in possession of the vehicle, EZCR Financial, Inc. began assessing storage fees for holding the vehicle at a rate of $75 per day against lienholder, Community Bank, and asserts a mechanic's lien on the vehicle for the unpaid storage fees. As surrender is not effective under the Code unless the collateral is made available to the lienholder, the Court holds that Debtor has failed to surrender the vehicle to Community Bank. The Court also holds that by refusing to relinquish possession of the vehicle and by asserting a lien on the vehicle, which is property of the estate, EZCR Financial Inc. has violated the automatic stay, pursuant to §§ 362(a)(3) and 362(a)(4).

## Background

On January 13, 2015, Debtor filed for a bankruptcy petition under chapter 13 of the Bankruptcy Code. Prior to filing, Debtor had defaulted on her payments owned to Community Bank, N.A. ("Community Bank") for a vehicle loan in connection with a 2010 F350 Ford ("Vehicle"). On January 29, 2-15, Debtor filed a chapter 13 plan in which she indicated that she intended cure her pre-petition arrears, keep the Vehicle, and make post-petition payments to Community Bank. *See* Plan, ECF No. 12.

On July 17, 2015, Debtor filed an amended plan indicating that Debtor would be surrendering the Vehicle. Am. Plan, ECF No. 39. The amended plan specifically states: "Debtor surrenders the following property and upon confirmation of this Plan or as otherwise ordered by the court, bankruptcy stays are lifted as to the collateral to be surrendered." *Id.*

On August 28, 2015, Community Bank filed a Motion for Relief from Stay and requested an Order to Show Cause regarding the Vehicle at issue. *See* Mot., ECF No. 47. According to the motion, Debtor delivered her Vehicle to a company known as EZCR Financial Inc. a/k/a EZ Car

Return ("EZCR"). Attached to the motion is a letter from EZCR to Community Bank, which states that EZCR is storing the Vehicle until Community Bank "can make arrangements to recover it" at a cost to Community Bank of $75 per day beginning on July 16, 2015, which is one day before Debtor filed her amended plan indicating her intent to surrender the Vehicle. *See Id.* at Ex. C (letter from EZCR dated July 20, 2015). The letter also indicates that if the Vehicle is not recovered within 45 days, EZCR will assert a lien on the Vehicle and sell the Vehicle at public auction. *Id.* Community Bank alleges that it attempted to recover possession of the car from EZCR and was told that EZCR would not release the Vehicle without payment.

On August 28, 2015, the Court issued an Order to Show Cause prohibiting EZCR from selling the Vehicle and appearing before the Court to Show Cause why it should not be held in violation of the automatic stay. *See* Order, ECF No. 48.

On September 7, 2015, EZCR filed a response to the Order to Show Cause. Resp., ECF No. 53. EZCR argues that Debtor had the authority to transfer the Vehicle to EZCR pursuant to § 1303. EZCR argues that by transferring possession of the Vehicle to EZCR, Debtor was relieved of the financial expense of maintaining insurance and licensing of the Vehicle. EZCR argues that the Court does not have jurisdiction over it, no adversary proceeding was filed, and that an officer or director of EZCR was not served with the motion. EZCR also asserts a lien on the Vehicle, pursuant to N.Y. Lien Law § 184 and argues that the assertion of such a lien does not violate the automatic stay.

After a hearing held on September 8, 2015, at which EZCR appeared,[1] EZCR informed the Court that its opposition has been filed on September 7, 2015. Since September 7, 2015 was a holiday and the Court was closed, the Court indicated that it would issue a written decision on this matter so that it could consider EZCR's opposition.

---

[1] EZCR appeared at this hearing through counsel and Shane Duff, Director of Operations, was in the Courtroom.

**Discussion**

*Jurisdiction, Power, and Abstention.*

EZCR has questioned the Court's jurisdiction[2] to hear this dispute. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a) and the Standing Order of Reference signed by Chief Judge Loretta A. Preska dated January 31, 2012. This is a "core proceeding" under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate); (E) (orders to turn over property of the estate); and (G) (motions to terminate, annul, or modify the automatic stay).

As to whether or not the issues before the Court can be adjudicated by a bankruptcy court, the Court determines that they can. EZCR has tried to couch this as a dispute between it and Community Bank over fees for storage of the Vehicle and asks the Court to permissibly abstain from determining whether fees can be charged for that reason. *See* Resp. ¶¶ 15, 24-29. The issue before the Court is not whether Community Bank should pay storage fees to EZCR. The issues before the Court are: whether the Debtor has surrendered her Vehicle by giving possession to EZCR; whether by refusing to relinquish the Vehicle without payment, EZCR has exercised control over property of the estate in violation of the automatic stay; and whether Community Bank is entitled to relief from the automatic stay. These issues are well within the purview of the Court's core jurisdiction and power under Article III.

Even if they were not, the Supreme Court has directed bankruptcy courts to issue proposed findings of fact and conclusions of law in the first instance. *Executive Benefits Ins. Agency v. Arkison*, 134 S.Ct. 2165, 2172, __ U.S. __ (2014) ("Put simply: If a matter is core, the

---

[2] "*Stern[v. Marshall*, 131 S.Ct. 2594 _ U.S. _ (2011)], which affects the constitutional power of a bankruptcy judge to issue a final judgment in a matter as to which the bankruptcy court already has subject matter jurisdiction, does not in any way deprive bankruptcy courts of subject matter jurisdiction."). *Geron v. Peebler (In re Pali Holdings, Inc.)*, 488 B.R. 841, 848 n.26 (Bankr.S.D.N.Y.2013).

statute empowers the bankruptcy judge to enter final judgment on the claim, subject to appellate review by the district court. If a matter is non-core, and the parties have not consented to final adjudication by the bankruptcy court, the bankruptcy judge must propose findings of fact and conclusions of law. Then, the district court must review the proceeding de novo and enter final judgment.").

For the same reasons, the Court will not abstain from hearing this motion. A bankruptcy court may abstain in its own discretion pursuant to § 1334(c)(1). *Fried v. Lehman Bros. Real Estate Assoc's. III, L.P.*, 496 B.R. 706, 712 (S.D.N.Y. 2013); 28 U.S.C. § 1334(c)(1) ("[N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."). The bankruptcy issues that must be resolved in this case consume any state court issue that may arise. The relevant inquiries here are whether Debtor had the ability to relinquish possession of the Vehicle to EZCR without notice to the Court and creditors and whether EZCR has the legal authority under the Bankruptcy Code to retain the Vehicle. If the EZCR does not have a legal right to retain the Vehicle, it does not have a legal right to assess fees. These are essential bankruptcy issues and core matters. A state court is the inappropriate forum for making such a determination.

*An adversary proceeding is not necessary*

EZCR argues that Community Bank should have filed an adversary proceeding against it without providing any legal support for that argument. Federal Rule of Bankruptcy Procedure 7001 defines the types of proceedings that must be brought by adversary proceeding. Fed. R. Bankr. P. 7001. Neither motions to lift the automatic stay nor motions for a determination that the stay has been violated are proceedings that must be brought as adversary proceedings. *Id.*

Proceedings to recover money or property must be brought as adversary proceedings and as such, the Court will not address this portion of Community Bank's motion. Community Bank must file an adversary proceeding if it wishes this Court to make such a determination.

***Section 1303 does not give Debtor the right to transfer possession of the Vehicle to EZCR***

EZCR argues that Debtor has the right to transfer property of the estate to a third party without permission of the Court and without notice to creditors because § 1303 gives chapter 13 debtors the rights and powers of a trustee. *See* Resp. ¶ 12. Section 1303 does not grant chapter debtor debtors all of the rights and powers of a trustee; it gives only those powers specifically listed in the section. 11 U.S.C. § 1303 ("[T]he debtor shall have, exclusive of the trustee, the rights and powers of a trustee under section 363(b), 363(d), 363(f), and 363(l), of this title."). Thus, a chapter 13 debtor has the power to "use, sell, or lease" property of the estate only in the ordinary course.[3] 11 U.S.C. § 363. A transaction is "in the ordinary course" if it is "routine." *See Fatsis v. Braunstein (In re Fatsis)*, 405 B.R. 1, 9 (B.A.P. 1st Cir. 2009) (citing *In re Laflamme*, 397 B.R. 194, 205-06 (Bankr. D.N.H. 2008). An example of using property of the estate "in the ordinary course" is paying for ordinary and necessary living expenses, such as bills and rent. *See Laflamme*, 397 B.R. at 205. The Court in *Laflamme* went on to state:

> Exactly what are "ordinary" and "necessary" living expenses depend upon the facts of each case but certainly there are outside limits. Debtors should be cautioned that this right cannot be abused and will normally be tempered by one of the underlying concepts of the Bankruptcy Code—a fresh start is only available to the honest debtor.

*Id.* at 206.

---

[3] The debtor's right to use or lease property of the estate in the ordinary course of her affairs is implicit in section 1306(b), which provides that the debtor has the right to possession of all property of the chapter 13 estate, except as otherwise provided by a confirmed plan or order confirming the plan. Collier on Bankruptcy ¶ 1303.03[1] (2015).

The phrase "ordinary course of business" is not defined by the Bankruptcy Code and is often defined in chapter 11 cases or in preference actions. In those cases, courts look at whether the transaction exposes "a hypothetical creditor to economic risks different from those accepted when such creditor initially extended credit to the debtor," and whether the transaction at issue is comparable to the types of transactions entered into by similar businesses. *Boyer v. Gildea*, 374 B.R. 645, 651-52 (N.D. Ind. 2007). This test is not exactly suitable for determining what an individual debtor would do in the ordinary course of her business but it does provide good guidance. Here, Community Bank could not have expected to be exposed to this risk when it initially extended the Debtor money for the car loan and most people do not turn their car over to third parties on a permanent basis for no consideration.[4]

This transaction—leaving a car permanently at a third party's facility—is without a doubt "not in the ordinary course of business." "Extraordinary purchases, sales and credit transactions require court approval." *Fatsis*, 405 B.R. at 9. A debtor who wishes to use, sell, or lease property of the estate "other than in the ordinary course of business," must provide "notice and a hearing." 11 U.S.C. § 363(b)(1).

### *Debtor cannot surrender property of the estate to a third party*

Pursuant to the plain language of the Bankruptcy Code, a debtor can only "surrender" property securing a claim to the claimholder. *See* 11 U.S.C. § 1325(a)(5)(C) ("[T]he debtor surrenders property securing such claim to such holder."). *See First Brandon Nat'l Bank v. Kerwin (In re Kerwin)*, 996 F.2d 552, 557 (2d Cir. 1993) ("When the debtor elects to surrender the collateral under [§ 1325(a)(5)(C)], the secured creditor takes possession of the property and sells it in accordance with non-bankruptcy law."); *see also Taylor v. AGE Fed. Credit Union (In*

---

[4] Debtor's counsel stated at the September 8, 2015 hearing that Debtor received nothing for her Vehicle except that she would no longer have to insure the Vehicle.

*re Taylor)*, 3 F.3d 1512, 1514 n.2 (11th Cir.1993) ("Surrender provides that a debtor surrender the collateral to the lienholder who then disposes of it pursuant to the requirements of state law.)." "Surrender" does not require the debtor to deliver or turn over physical possession of the collateral to the lienholder.  *In re Plummer*, 513 B.R. 135, 143 (Bankr. M.D. Fla. 2014).  It only requires that the Debtor "make the collateral available to the secured creditor." *Id.* at 143.

"Even though the Debtor intends to surrender the property as part of her plan, until the property is actually sold pursuant to a foreclosure sale, title to the property remains vested in the Debtor." *In re Sneijder*, 407 B.R. 46, 52–53 (Bankr.S.D.N.Y.2009) (citations omitted).  The Court is aware that the doctrine of surrender causes a lot of frustration on the part of Debtors.  Once a debtor surrenders collateral, pursuant to § 1325(a)(5)(C), there is an expectation that the creditor will recover the property and yet that rarely happens.  More often than not, debtors get "stuck with" the collateral, whether it be a house or a car, and remain responsible for the maintenance, taxes and other obligations that come with owning property.  Case law has made clear that these are the "by-products of property ownership."  *See In re Rose*, 512 B.R. 790, 794 (Bankr. W.D.N.C. 2014) (Creditor could not be compelled to accept a quitclaim deed on debtors' home despite the fact that the property had been surrendered through a confirmed plan over a year prior).

Debtor has not "surrendered" the Vehicle as she has not made it available to Community Bank.  Clearly, giving the Vehicle to EZCR and causing Community Bank to incur storage charges of $75 per day is not what is meant by the term "surrender."  There may be alternate options for Debtor; for example, Debtor could have made a motion in this Court asking the Court to set a timeframe for Community Bank to retrieve its collateral.  *See In re Perry*, 2012 WL

4795675, at *2 (Bankr. E.D.N.C. 2012) (allowing creditor 60 days to foreclose on collateral or be forced to accept a quitclaim deed for house).

> Section 1325(a)(5)(C) provides that surrender is one of three options for dealing with a secured claim in a chapter 13 plan. The first option, which is found in section 1325(a)(5)(A), provides that the secured creditor can accept the plan. The second option, which is found in section 1325(a)(5)(B), states that the plan may provide that "the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim." The third option, which is found in section 1325(a)(5)(C), allows a debtor to "surrender[] the property securing such claim to such holder."

*In re Jimenez*, 492 B.R. 373, 377 (Bankr. S.D.N.Y. 2013).

As it stands, Debtor has not surrendered the Vehicle within the plain meaning of the Bankruptcy Code; therefore Community Bank is entitled to be paid as a secured claimholder and has grounds to object to Debtor's plan on that basis.[5]

### *EZCR has violated the stay by exercising control over property of the estate*

The filing of a petition for bankruptcy creates an estate comprised of "all legal or equitable interests of the debtor in property as of the commencement of the [bankruptcy] case." 11 U.S.C. § 541(a)(1). Section 541 gathers into the estate all such interests in property, "wherever located and by whomever held." *Id.* § 541(a).

The filing of a bankruptcy petition "operates as a stay, applicable to all entities, of ... any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). The stay also precludes "any act to *transfer control* over property of the estate." *Shimer v. Fugazy (In re Fugazy Exp., Inc.)*, 982 F.2d 769, 776 (2d Cir. 1992) (emphasis added). Congress amended the Code in 1984 to add the

---

[5] Much worse could come of a chapter 7 debtor who attempts similar action. *See* 11 U.S.C. § 727 (a)(2)(B) ("The court shall grant the debtor a discharge, unless— (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed— (B) property of the estate, after the date of the filing of the petition.").

phrase "exercise control over" property of the estate. *Amplifier Research Corp. v. Hart*, 144 B.R. 693, 694 (E.D. Pa. 1992). Although there is no legislative history explaining why this amendment was added, *Main St. Inc. v. Albion (In re Albion Disposal, Inc.)*, 217 B.R. 394, 405 (W.D.N.Y. 1997), the court in *Amplifier* stated that "Congress evidently believed that the purpose of staying acts for possession was defeated if plaintiffs were still free to try to control or otherwise direct how the debtor used his property. Clearly at some point, 'control' over another's property becomes constructive possession." *Id.*

The phrase "to exercise control" should be interpreted in a way that gives effect to its plain meaning. *Thompson v. GMAC, LLC*, 566 F.3d 699, 702 (7th Cir. 2009). To "exercise control" is "'to exercise restraining or directing influence over' or 'to have power over.' " *Id.* ("Holding onto an asset, refusing to return it, and otherwise prohibiting a debtor's beneficial use of an asset all fit within this definition, as well as within the commonsense meaning of the word.").

The automatic stay ensures that the remainder of Congress' statutory scheme can be effectuated by preserving estate assets. Unless the stay is lifted by the bankruptcy court, it remains in effect until the case is concluded. *Shimer v. Fugazy (In re Fugazy Exp., Inc.)*, 982 F.2d 769, 776 (2d Cir.1992). The Bankruptcy Code does not permit a party to engage in "self-help" in derogation of the stay. *Id.* "The stay is also regarded as a source of 'creditor protection,' since without it creditors would race each other to achieve preferment through litigation, and bankruptcy is designed to provide an orderly procedure under which all creditors are treated equally." *See LNC Inv's. Inc. v. First Fid. Bank*, 247 B.R. 38, 43-44 (S.D.N.Y. 2000).

By possessing and refusing to return the Vehicle to Community Bank, EZCR is clearly exercising control over property of the estate, in violation of § 362(a)(3).  Any actions taken in violation of the stay are void and without effect.  *48th St. Steakhouse, Inc. v. Rockefeller Grp., Inc. (In re 48th St. Steakhouse, Inc.)*, 835 F.2d 427, 431 (2d Cir. 1987).  Thus, any storage charges incurred are without effect.

***EZCR's assertion of a lien pursuant to N.Y. Lien Law § 184 is itself a violation of the stay***

The filing of a petition also acts as a stay of "any act to create, perfect, or enforce any lien against *property of the estate*."  11 U.S.C. § 362(a)(4) (emphasis added).  Section 362(a)(4) does makes clear that the stay prevents the assertion of a lien against property of the estate; it makes no difference that the lien being applied is for fees assessed to a non-debtor entity, such as Community Bank.  There is no dispute that the Vehicle is property of the estate.  Thus, any lien asserted by EZCR on the Vehicle is void.  *48th St. Steakhouse*, 835 F.2d at 431.

EZCR argues that its ability to asset a lien on the Vehicle is excepted from the automatic stay pursuant to § 362(b)(3).  Section 362(b)(3) provides that the automatic stay does not prevent

> any act to perfect, or to maintain or continue the perfection of, an interest in property to the extent that the trustee's rights and powers are subject to such perfection under section 546(b) of this title or to the extent that such act is accomplished within the period provided under section 547(e)(2)(A) of this title.

11 U.S.C. § 362(b)(3).  As the Second Circuit has stated, this exception's narrow purpose is to allow creditors possessing prepetition interests in property to perfect a lien post-petition so long as perfection is done within the applicable time frame established under state law.  *See Lincoln Sav. Bank, FSB v. Suffolk Cnty. Treasurer (In re Parr Meadows Racing Ass'n)*, 880 F.2d 1540, 1546 (2d Cir. 1989); *see also Reedsburg Util. Comm'n v. Grede Foundries, Inc. (In re Grede Foundries, Inc.)*, 651 F.3d 786, 791 (7th Cir. 2011) ("If the creditor has a prepetition unperfected interest in the debtor's property, this exception allows the creditor to take the steps necessary to

perfect that interest because such a perfection of a lien is not considered the creation of a lien.") (internal quotations omitted).

Section 362(b)(3) is not applicable here as EZCR did not have any interest in the Vehicle prepetition. Its asserted lien was created post-petition and in violation of the stay, pursuant to § 362(a)(4). As such, the lien is void and without effect.

*Damages*

Section 362(k) confers a private right to sue for damages on behalf of an individual injured by a willful violation of the automatic stay. 11 U.S.C. § 362(k)(1). Non-individuals have similar recourse under the bankruptcy court's civil contempt power." *In re Ampal-Am. Israel Corp.*, 502 B.R. 361, 370 (Bankr. S.D.N.Y. 2013).

For a finding of contempt, "the burden rests with the movant to show by clear and convincing evidence that the offending ... entity had knowledge [actual or constructive] of the [stay] and willfully violated it by continuing with the activity complained of." *Torres v. Chase Bank USA, N.A. (In re Torres)*, 367 B.R. 478, 490 (Bankr.S.D.N.Y.2007) (internal citations omitted) (stating standard for violation of discharge order). There the Court stated that "[c]ompensatory damages, in addition to coercive sanctions, may be awarded as a sanction for civil contempt if a party willfully violates a section 524(a)(2) injunction." 367 B.R. at 490; *see also* 4 Collier on Bankruptcy ¶ 524.02[2][c] ("A creditor's actions in violation of the discharge injunction are willful if the creditor knows the discharge has been entered and intends the actions which violated the discharge injunction."). There is no real difference between violating a discharge injunction and violating the stay. As such, the same standard is applicable.

Attorney's fees may also be awarded. In this District, *Shady Records, Inc. v. Source Enter's., Inc.*, 351 F.Supp.2d 64, 67 (S.D.N.Y. 2004) held that willfulness is not a prerequisite to

attorney fees. This was because failure to compensate the expenses of enforcing the order, where the defendants' behavior was genuinely, if not willfully, worthy of a contempt sanction would not only permit the offender to violate the court's order with impunity, but would leave the party that obtained the order worse off for its efforts to secure compliance with its rights and the court's command. *Id.*

While Community Bank has not moved for damages, the Court would consider a motion for damages by Community Bank if brought on proper notice.

*Motion for Relief from Stay*

EZCR consents to relief from stay and as such, it will be granted. *See* Resp. ¶ 17.

### Conclusion

For the foregoing reasons, the Court finds that EZCR has exercised control over property of the estate in violation of the stay, pursuant to § 362(a)(3). EZCR's lien is void, pursuant to § 362(a)(4). EZCR must relinquish control of the Vehicle to the Debtor or to Community Bank at Debtor's request. If Debtor wishes to surrender the Vehicle, it must make it available to Community Bank. Community Bank is entitled to relief from the automatic stay to recover the Vehicle.

Community Bank should submit a proposed order in accordance with this Memorandum Decision.



Dated: September 10, 2015
    Poughkeepsie, New York

/s/ Cecelia G. Morris
_____
Hon. Cecelia G. Morris
Chief U.S. Bankruptcy Judge